UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ROSELAND McGRATH,                    )
                                     )
               Plaintiff             )
                                     )
          v.                         )   Case No. 2:07 cv 34
                                     )
RANDY A. GODSHALK, an                )
individual, RANDALL NEELY, LLC,)
and EVEREST NATIONAL INSURANCE )
COMPANY,                             )
                                     )
               Defendants            )


                         OPINION AND ORDER

     This matter is before the court on the following motions:

(1) the Motion to Dismiss the Complaint or in the Alternative to

Stay Action filed by the defendants, Randy A Godshalk and Randall

Neely, LLC, on June 12, 2007 (DE 34); (2) the Motion to Strike

the Defendants' Reply Brief filed by the plaintiff, Roseland

McGrath, on August 1, 2007 (DE 45); (3) the Motion to Strike

filed by the defendant, Everest National Insurance Company, on

June 21, 2007 (DE 36); (4) the Motion to Dismiss Claims Based on

the Indiana Declaratory Judgment Act filed by the defendants,

Randy A. Godshalk and Randall Neely, LLC on July 11, 2007 (DE

39); and (5) the Motion for an Order Deeming Certain Paragraphs

of Plaintiff's Amended Complaint Admitted by Defendants and

Striking Certain Affirmative Defenses filed by the plaintiff,

Roseland McGrath, on August 1, 2007 (DE 47).

     For the reasons set forth below, the Motion to Dismiss the

Complaint or in the Alternative to Stay Action filed by the
defendants Randy A. Godshalk and Randall Neely, LLC on June 12,
2007 (DE 34) is **DENIED**; (2) the Motion to Strike the Defendants'
Reply Brief filed by the plaintiff on August 1, 2007 (DE 45) is
**DENIED AS MOOT**; (3) the Motion to Strike filed by the defendant
on June 21, 2007 (DE 36) is **GRANTED IN PART** and **DENIED IN PART**;
(4) the Motion to Dismiss Claims Based on the Indiana Declaratory
Judgment Act filed by the defendants on July 11, 2007 (DE 39) is
**GRANTED IN PART** and **DENIED IN PART**; and (5) the Motion for an
Order Deeming Certain Paragraphs of Plaintiff's Amended Complaint
Admitted by Defendants and Striking Certain Affirmative Defenses
filed by the plaintiff on August 1, 2007 (DE 47) is **DENIED**.

<u>Background</u>

This action arose from injuries sustained by the plaintiff,
Roseland McGrath, after falling while exiting Eli's Pub in
Hammond, Indiana. McGrath's injuries formed the basis of a
complaint filed in the Lake County Superior Court against Eli's
Pub in September 2006. Service of this state court complaint was
made on Randy Godshalk, the registered agent for Eli's Pub. A
default in the state court action was entered against Eli's Pub
on October 4, 2006. In November 2006, McGrath amended her Lake
County complaint to name Aidan Alan, LLC, an Indiana limited
liability company that operated Eli's Pub. On November 28, 2006,
one day before a hearing on damages following the entry of de-
fault, counsel for the defendants entered their appearance and
moved the state court to set aside the entry of default.  In

2

addition, on December 8, 2006, the defendants filed a "Rule 60(b) Motion for Relief from Default Orders." On December 11, 2006, the defendants filed an answer to the amended complaint and an "Objection to the Court's Default Judgment Proceedings." These motions are pending in Lake Superior Court.

The plaintiff initially filed this federal court action against only Randy A. Godshalk, the sole member of the Aidan Alan, LLC, on February 8, 2007. In this complaint, McGrath alleges that Godshalk is the alter ego of the Aidan Alan, LLC. On April 16, 2007, after learning of a second limited liability company controlled by Godshalk named Randall Neely, LLC, McGrath amended her complaint in this court to allege that this company owned the real property and assets associated with Eli's Pub and also was negligent.

The amended complaint also named Everest National Insurance. In the amended complaint, McGrath alleges that Aidan Alan, LLC is insured under a policy with Everest separately from Randall Neely, LLC. McGrath's complaint alleges a count in negligence against Godshalk directly, another count in negligence against "Eli's Pub" as a sole proprietorship of Godshalk's, and a count in negligence against Randall Neely, LLC. The amended complaint further includes two counts seeking declaratory judgments. In the first, McGrath alleges that Godshalk is the alter ego of both Aidan Alan, LLC and Randall Neely, LLC. In the second declaratory count, McGrath seeks a declaration that independent acts of negligence committed by the defendants Godshalk and the Randall

3

Neely, LLC are separate "occurrences" according to the terms of
the Everest policy, and consequently, the potential compensation
of damages in this matter is not limited to the policy's
$1,000,000 "per occurrence" limit and instead may be measured by
the policy's aggregate $2,000,000 limit.  The amended complaint
makes reference to both the Indiana and Federal Declaratory
Judgment Acts.

Discussion

The defendants have filed two motions to dismiss, seeking
either the dismissal or stay of the plaintiff's entire complaint
as well as the dismissal of declaratory judgment claims.

In ruling on a Rule 12(b)(6) motion to dismiss, a court must
follow

> the accepted rule that a complaint should not
> be dismissed for failure to state a claim
> unless it appears beyond doubt that the
> plaintiff can prove no set of facts in sup-
> port of his claim which would entitle him to
> relief.  (footnote omitted)
>
> ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78
> S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)

*See also* ***Bowers v. Federation Internationale de l'Automobile***, 489
F.3d 316, 329 (7th Cir. 2007).  This court must "accept the well-
pleaded allegations of the complaint as true," ***Albright v.
Oliver***, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114
(1994).  *See also* ***H.J., Inc. v. Northwestern Bell Telephone
Company***, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d
195 (1989); ***Hishon v. King & Spaulding***, 467 U.S. 69, 73, 104
S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); ***Scheuer v. Rhodes***,

416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974);

*Reid L. v. Illinois State Board of Education*, 358 F.3d 511, 515

(7th Cir. 2004), and "draw all reasonable inferences in the light

most favorable to the complaint. *Crenshaw v. Baynerel*, 180 F.3d

866, 868 (7th Cir. 1999).

> In order to escape dismissal
>
>> a plaintiff need not set out in detail the
>> facts upon which a claim is based, but must
>> allege sufficient facts to outline the cause
>> of action.
>
>> *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d
>> 31, 34 (7th Cir. 1987) *quoting Doe v. St.*
>> *Joseph's Hospital*, 788 F.2d 411, 414 (7th
>> Cir. 1986)

To prevail a defendant "must demonstrate that the plaintiff's

claim, as set forth by the complaint, is without legal conse-

quence." *Gomez v. Illinois State Board of Education*, 811 F.2d

1030, 1039 (7th Cir. 1987).

Federal Rule of Civil Procedure 12(b)(1) allows for dismis-

sal if the court lacks subject matter jurisdiction. *See United*

*Phosphorus, LTD. v. Angus Chemical Company*, 322 F.3d 942, 946

(7th Cir. 2003), *cert. denied*, 540 U.S. 1003, 124 S.Ct. 533, 157

L.Ed.2d 408 (2003). The failure of subject matter jurisdiction

never can be waived and may be brought to light at any point in

the proceedings. *United Phosphorus, LTD.*, 322 F.3d at 946;

*O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1399

(7th Cir. 1993). Rule 12(b)(6) allows for the dismissal of a

complaint if it fails to state a claim upon which relief can be

granted. A complaint may be dismissed in accordance with Rules

12(b)(1) and 12(b)(6) if it is beyond doubt that the plaintiff can prove no sets of facts on which relief may be granted. *See Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004); *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004); *Flannery v. Recording Industry Association*, 354 F.3d 632, 637 (7th Cir. 2004). *See also United Phosporus, LTD.*, 322 F.3d at 946 (stating that a Rule 12(b)(1) motion is analyzed as any other motion to dismiss).

In considering a motion to dismiss the court will look only at the pleadings and will accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Treadway*, 362 F.3d at 981. *See also Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004) (construing Rule 12(b)(1)); *Treadway*, 362 F.3d at 981 (construing Rule 12(b)(6)); *Flannery*, 354 F.3d at 637 (same). The pleadings include not only the complaint, but can also include the documents attached to the complaint and any supporting briefs. *See Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

An initial set of issues raised by the parties in this matter may be resolved at the outset because, as a federal court sitting in diversity, the court applies federal procedural rules and state substantive law. *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 79, 58 S.Ct. 817, 823, 82 L.Ed. 1188 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996). The remedy of a declaratory

6

judgment is a procedural device. Accordingly, the Federal Declaratory Judgment Act, and not the comparable Indiana act, is applicable to this matter. *See Institute for Studies Abroad, Inc. v. International Studies Abroad, Inc.*, 263 F.Supp.2d 1154, 1156-57 (S.D. Ind. 2001); *Scottsdale Insurance Company v. Subscriptions Plus, Inc.*, 2000 WL 34238652 (W.D. Wis., Oct. 12, 2000) (*citing Hanna v. Plummer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965))("It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases."). It also is clear that Indiana's declaratory judgment provisions are procedural in nature. *Institute for Studies Abroad*, 263 F.Supp.2d at 1157 ("Likewise, the Indiana Declaratory Judgment Act and Indiana Trial Rule 57 are procedural rules which do not create any substantive right."). In *Miller Brewing Company v. ACE US Holdings*, 391 F.Supp.2d 735, 740 (E.D. Wis. 2005), the district court addressed the issue in a case brought in state court, pursuant to the Wisconsin Declaratory Judgment Act, and removed to federal court. However, the district court based its decision on its characterization of the Wisconsin Declaratory Judgment Act and the case's status as a removed case. *Miller Brewing*, 391 F.Supp.2d at 740-41. Accordingly, this court does not find in *Miller Brewing* reason to doubt that the Indiana Declaratory Judgment Act is procedural in nature and inapplicable to this matter.

In support of their motion to dismiss, the defendants argue that McGrath's claim seeking a declaration regarding the separate

occurrences policy limitation is the equivalent of a determina-
tion regarding an insurer's duty to indemnify. Godshalk argues
that because there has been no determination of liability, the
question of indemnity is not ripe. McGrath counters that she does
not seek an indemnity determination, but rather a declaration
regarding the policy limits under the alleged circumstances.[1]

The distinction between a declaration of indemnity and a
declaration of a policy's limits, though fine, is determinable. A
declaration regarding an insurer's duty to indemnify before a
liability determination generally is considered not ripe, depriv-
ing the court of subject matter jurisdiction. *Lear Corporation v.*
*Johnson Electric Holdings Limited*, 353 F.3d 580, 583 (7th Cir.
2003) *(quoting* **Nationwide Insurance Company v. Zavalis**, 52 F.3d
689, 693 (7th Cir. 1995)("The duty to indemnify is not ripe for
adjudication until the insured is in fact held liable in the
underlying suit."). In contrast, the duty to defend generally has
not been shown to implicate the same concerns over ripeness
raised by declarations regarding the duty to indemnify. *Lear*
*Corporation*, 353 F.3d at 583 )("Declaratory decisions about
indemnity differ in this respect from the more common decision

---

[1]McGrath makes a series of additional arguments that counsel for God-
shalk and the Randall Neely, LLC unethically have argued for the limitation of
their own insurance coverage, leaving them at risk of personally facing a
higher judgment and removing this risk from the insurance company, defendant
Everest. McGrath also argues that these defendants, Godshalk and the Randall
Neely, LLC, are without standing to seek dismissal of a declaratory judgment
claim that regards only Everest. The defendants legitimately respond that the
issue implicates the court's subject matter jurisdiction, and it is each
party's duty to raise potential issues of subject matter jurisdiction. *Grupo*
*Dataflux v. Atlas Global Group, L.P.* 541 U.S. 567, 593, 124 S.Ct. 1920, 1937,
158 L.Ed.2d 866(2004)("Moreover, by whatever route a case arrives in federal
court, it is the obligation of both district court and counsel to be alert to
jurisdictional requirements.").

that an insurer has a duty to defend the client in ongoing litigation."). In addition, questions beyond the duty to defend are routinely found ripe for federal jurisdiction under the Declaratory Judgment Act. Ultimately, ripeness is a matter of degree, gauged by the probability that an injury will occur. *Bankers Trust Company v. Old Republic Insurance Company*, 959 F.2d 677, 681 (7th Cir. 1992). And, provided a sufficient probability of injury, in the context of insurance policies, courts have found jurisdiction over declaratory judgments regarding "the validity of a policy," and "the coverage of a liability policy." 10B Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §2760 (3d 1998); *City of Chicago v. Arvinmeritor, Inc*., 2006 WL 3431910 (N.D. Ill. 2006, Nov. 28, 2006) ("Furthermore, in the insurance context, claims over defense obligations are generally always regarded as ripe for adjudication during pending primary lawsuits, even when it is unclear whether the particular insurance policy contains a duty to defend.").

The ripeness necessary to meet a jurisdiction requirement must demonstrate a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgement." *Nucor Corporation v. Aceros Y Maquilas De Occidente, S.A. DE C.V.*, 28 F.3d 572, 577 (7th Cir. 1994)*(quoting Maryland Casualty Company v. Pacific Coal & Oil Company*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

The issue raised by McGrath's declaratory count is not so narrowly focused upon the question of indemnity as to remove it from the court's jurisdiction. Specifically, McGrath seeks a declaratory judgment that separate acts of negligence attributable to the Randall Neely, LLC constitute a separate "occurrence" under the policy's terms. Godshalk's argument against jurisdiction amounts to a statement that because a decision on this question could lead to a requirement of indemnification, it is purely a question of indemnification and not ripe. However, McGrath's allegations reach beyond the basic question of indemnity. McGrath's complaint can be read to allege separate acts of negligence against the defendants, and the declaratory count raises the question of whether these acts constitute separate "occurrences." *See* **Nucor Corporation**, 28 F.3d at 577-579.

Further, the defendants argue that McGrath fails to recognize the separation between the court's consideration of subject matter jurisdiction and the court's discretion to exercise that jurisdiction over a declaratory claim. However, whether McGrath's declaratory claim is a justiciable controversy is influenced by the consideration of similar factors that the court addresses in evaluating abstention. Specifically, the "reality and immediacy" of this conflict is illustrated by the fact that the question of what constitutes separate occurrences under the Everest policy is not at issue in the state court proceeding. Randall Neely, LLC and Godshalk are not defendants in that matter and that case may not reach issues of liability beyond Aidan Alan, LLC. Conse-

quently, this is the only action in which the legal relationship
between McGrath and the Randall Neely, LLC, as a named insured,
is at issue. Accordingly, the claim is founded on an actual
controversy over which the court has subject matter jurisdiction.
*See e.g.* ***Shelby Casualty Insurance Company v. Statham***, 158
F.Supp.2d 610, 619 (E.D. Pa. 2001)("Since there is a genuine
dispute about the legal relationship between the parties and
since none of the issues involved in this declaratory judgment
action will be or need to be decided in the tort suit or claim
against the insurer of the motorcycle, we hold that there is an
actual controversy and that the action is not premature.").

Finally, the court notes that the defendants have not,
separate from their motion to abstain or stay this entire cause
of action, sought to dismiss McGrath's declaratory judgment
regarding the alter ego determination as between Godshalk and the
two limited liability companies.

### Abstention

Regarding the defendants' motion to abstain in this case,
the parties' initial dispute regards whether this question is
addressed entirely by the doctrine arising from the Supreme
Court's decision in ***Colorado River Water Conservation District v.***
***United States***, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d
483 (1976) or whether the decision regarding abstention from the
declaratory judgment claims is gauged according to the Supreme
Court's decision in ***Wilton v. Seven Falls Company***, 515 U.S. 277,
286, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995). McGrath's

11

argument that *Colorado River* applies is based on the assumption
that her declaratory judgment claims are made pursuant to the
Indiana Declaratory Judgment Act. As already addressed, the
Indiana act is a procedural mechanism and inapplicable to this
matter. Consequently, the defendants' motion asking this court to
stay or abstain in this action based on the existence of the
state court action is governed by the Supreme Court's decision in
*Colorado River* with respect to the plaintiff's claims for damages
and the Supreme Court's decision in *Wilton* regarding the declara-
tory judgment claims.[2] *See also **Pence v. Lightning Rod Mutual
Insurance Company***, 203 F.Supp.2d 1025, 1029 (S.D. Ind. 2002).

Regarding the damages claims, abstention from the exercise
of federal jurisdiction is "an extraordinary and narrow exception
to the duty of a district court to adjudicate a controversy
properly before it." ***Colorado River,*** 424 U.S. at 813, 96 S.Ct. at
1244; ***Truserv Corporation v. Flegles, Inc.,*** 419 F.3d 584, 593
(7th Cir. 2005) ("We again emphasize the remarkably difficult
standard that must be met before we can refuse our virtually

---

[2]The plaintiff sought to strike the defendantsí Reply in the briefing on
this motion to dismiss, arguing that the defendants raised numerous new
arguments in this reply brief. (DE 45). The defendantsí reply in fact raised
numerous arguments for the first time, including arguments based on the
courtís exercise of subject matter jurisdiction over a claim seeking a decla-
ration pursuant to the Indiana Declaratory Judgment Act regarding an insurerís
indemnity obligation. The plaintiff correctly notes that these arguments are
not properly raised. *See **Holman v. Indiana***, 211 F.3d 399, 405 n.5 (7th Cir.
2000). However, these arguments formed the basis of the defendants' subsequent
motion to dismiss and were addressed in this order in response to that motion.
Accordingly, the plaintiffís motion to strike (DE 45) is **DENIED AS MOOT.**

unflagging obligation to exercise jurisdiction."). The inquiry under *Colorado River* is made according to a two-part standard that first asks whether the actions in question are parallel. *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). A parallel suit does not require identical parties or issues, or a finding of "formal symmetry" between the actions. *Tyrer*, 456 F.3d at 752 (*citing* *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). Rather, a suit is "parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Interstate Material Corporation v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). The court must examine whether the suits "involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer*, 456 F.3d at 752 (*citing* *Clark*, 376 F.3d at 686). The focus of this examination is whether there is "a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case." *AAR International Incorporated v. Nimelias Enterprises, S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).

Only if the court finds that the actions are parallel does it reach the second inquiry and ask whether "exceptional circum-stances" justify a decision not to hear the case. *Tyrer*, 456 F.3d at 751. In the Seventh Circuit, this inquiry considers ten factors:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoid-ing piecemeal litigation; 4) the order in which jurisdiction was obtained by the con-

> current forums; 5) the source of governing
> law, state or federal; 6) the adequacy of
> state-court action to protect the federal
> plaintiff's rights; 7) the relative progress
> of state and federal proceedings; 8) the
> presence or absence of concurrent jurisdic-
> tion; 9) the availability of removal; and 10)
> the vexatious or contrived nature of the
> federal claim.
>
> *Tyrer*, 456 F.3d at 754

*See also* **Truserv Corporation**, 419 F.3d at 592 n.2.  Upon review

of these factors, "if there is any substantial doubt that the

parallel litigation will be 'an adequate vehicle for the complete

and prompt resolution of the issues between the parties,' it

would be a 'serious abuse of discretion' for the district court

to stay or dismiss a case in deference to the parallel litiga-

tion." **AAR International**, 250 F.3d at 518 *(quoting* **Moses H. Cone**

**Memorial Hospital v. Mercury Construction Corporation**, 460 U.S.

1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983).

This more stringent **Colorado River** standard is applicable to

McGrath's claims in negligence but not her declaratory judgment

claims. It is doubtful that these negligence actions may be

considered fully parallel to the state court action. McGrath's

state court complaint alleged negligence against Eli's Pub and

later was amended to name Aidan Alan, LLC. In contrast, the

negligence counts in McGrath's federal complaint include addi-

tional defendants, namely Godshalk individually and the Randall

Neely, LLC. However, the negligence counts arise from the same

basic facts, and it is questionable that these defendants are as

distinct as McGrath portrays them in light of her subsequent

14

claim seeking a declaration that Godshalk is the alter ego of these other defendants. It remains unresolved whether McGrath's negligence claims in fact allege separate conduct by these defendants.

However, while there may be a similarity between these parties and the factual basis alleged, the progress and current status of the state court proceeding makes it doubtful that the state action will dispose of the claims presented in the federal suit. Liability no longer is at issue in the state court proceeding, absent the defendants' success in setting aside the entry of default.  Accordingly, because the federal claim is at its very inception, it cannot be said that these two actions present the *contemporaneous* consideration of the liability issue. *See e.g.* ***Interstate Material Corporation***, 847 F.2d at 1288 (describing parallel suits as involving contemporaneous litigation on the same issues.). Consequently, rather than a case for abstention, the circumstances may implicate considerations of *res judicata*. However, whether the state court judgment is entitled to preclusive effect in this court was not raised by the parties. *See e.g.* ***Porter's South Shore Cleaners, Inc. v. State,*** 512 N.E.2d 895, 898 (Ind. Tax 1987)(*citing* ***Grip-Pak, Inc. v. Illinois Tool Works, Inc.***, 694 F.2d 466, 469 (7th Cir. 1982); ***Frye v. United Steelworkers of America***, 767 F.2d 1216, 1220 (7th Cir.1985) ("It does not seem to this Court that such a finding is necessary, but rather fairness dictates that if the judgment is by default then the issue is not precluded in a subsequent suit."). Consequently,

numerous questions remain regarding whether any issues are being litigated in two separate forums and, if so, what impact the two forums may have on one another. In addition, the court will not base a finding of parallel action on speculation regarding the outcome of the defendants' state court motions to set aside the entry of default. These circumstances, while presenting close issues, fall short of the "clearest of justifications" required under *Colorado River*. *See e.g. Tyrer*, 456 F.3d at 750.

Even assuming that the state court revisits liability and the distinctions between the federal defendants, Godshalk and Randall Neely, LLC on the one hand, and the state court defendant, Aidan Alan, LLC on the other, are merged, application of the *Colorado River* factors still does not favor abstention.

There is little impact in this matter from the first two factors. The state court has not assumed jurisdiction over any property, and there is no indication of greater convenience in either forum. Consideration of the remaining factors does not demonstrate the "exceptional circumstances" that compel the court to decline the duty to exercise jurisdiction.

At first blush, some factors favor abstention. This matter is governed by the substantive law of Indiana (5) and was first brought in state court (4). These considerations however, are weakened by consideration of the related circumstances involving the relative progress of each court's proceedings (7) and the adequacy of the state court action to protect the federal plaintiff's rights (6). Specifically, because the state court

16

proceeding never will reach issues regarding the potential
liability of Godshalk or the Randall Neely, LLC, and may not
revisit the question of liability with respect to the Aidan Alan,
LLC, both of these factors counsel against abstention.

Similarly, while the court cannot conclude that McGrath has
vexatiously brought her federal claim (10), the defendants argue
that McGrath is engaged in impermissible piecemeal litigation
(3).  However, this factor is concerned with the avoidance of
duplicating the efforts of the parties and courts. *See **Tyrer***, 456
F.3d at 755 ("Piecemeal litigation occurs when different tribu-
nals consider the same issue, thereby duplicating and possibly
reaching different results."). As noted above, in light of the
entry of default in the state court, it is far from clear that
the two forums will address the same issues. In light of the
strong preference for the retention of jurisdiction, the circum-
stances of this matter do not illustrate the clearest justifica-
tions for declining jurisdiction. There is no basis for deviating
from the general rule that "the pendency of an action in state
court is no bar to proceedings concerning the same matter in the
Federal court having jurisdiction." ***Colorado River***, 424 U.S. at
817, 96 S.Ct. at 1246.

Turning to the plaintiff's declaratory judgment claims, when
a motion seeks the court's abstention from a declaratory judgment
claim, a less stringent standard is implicated. The Declaratory
Judgment Act provides that "any court of the United States, upon
the filing of an appropriate pleading, may declare the rights and

17

other legal relations of any interested party seeking such decla-
ration." 28 U.S.C. §2201. A federal court enjoys "unique and
substantial discretion" in deciding whether to grant declaratory
relief under the Act. *Wilton*, 515 U.S. at 286, 115 S.Ct. at 2142.
*See also* *Sta-Rite Industries, Inc. v. Allstate Insurance Company*,
96 F.3d 281, 287 (7th Cir. 1996); *Pence*, 203 F.Supp.2d at 1028.
This broad discretion is distinct from and unaffected by the
*Colorado River* abstention doctrine. *Pence*, 203 F.Supp.2d at 1028.
*See also* *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246.
Rather, "[i]n the declaratory judgment context, the normal prin-
ciple that federal courts should adjudicate claims within their
jurisdiction yields to considerations of practicality and wise
judicial administration." *Wilton*, 515 U.S. at 288, 115 S.Ct. at
2143. *See also* *Zavalis*, 52 F.3d at 692.  Furthermore, when a
parallel state case is pending, a stay is the "preferable course"
because it provides the state court with the opportunity to
resolve the matter without risking a time bar to any unresolved
claims in the federal forum. *Wilton*, 515 U.S. at 288 n.2, 115
S.Ct. at 2143 n.2; *Brillhart v. Excess Insurance Company of
America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620
(1942). The Seventh Circuit generally applies a four-prong test
to determine whether a stay is appropriate under the Declaratory
Judgment Act. *See* *Zavalis*, 52 F.3d at 692; *Nucor Corporation*, 28
F.3d at 579 (using a similar five-prong test from the Sixth
Circuit). According to the Seventh Circuit, the court should
consider:

> [1] whether the declaratory suit presents a
> question distinct from the issues raised in
> the state court proceeding; [2] whether the
> parties to the two actions are identical; [3]
> whether going forward with the declaratory
> action will serve a useful purpose in clari-
> fying the legal obligations and relationships
> among the parties or will merely amount to
> duplicative litigation; and [4] whether com-
> parable relief is available to the plaintiff
> seeking a declaratory judgment in another
> forum or at another time.

> *Zavalis*, 52 F.3d at 692

These factors are not exclusive and should be applied in conjunction with other considerations of efficiency and wise judicial administration, such as whether declaratory judgment would "provide an arena for a race to res judicata," or increase friction between federal and state courts. *Nucor Corporation*, 28 F.3d at 579 (*citing Nationwide Mutual Fire Insurance Company v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991)). *See also Green v. Mansour*, 474 U.S. 72, 73, 106 S.Ct. 423, 427-28, 88 L.Ed.2d 371 (1985) (stating that questions of discretion should consider "equity, comity and federalism.").

In addition, the Seventh Circuit interprets the "parallel suit" requirement to mean not identical, but substantially the same parties and issues between the federal and state cases. *See Sta-Rite*, 96 F.3d at 287 (implicitly treating two suits involving the same plaintiff and issue, one in federal and one in state court, as parallel though against different defendants); *Zavalis*, 52 F.3d at 692 ("Whether the parties to the two actions are

19

identical" is just one factor in determining the relevancy of a pending state action). *See also* **Pence**, 203 F.Supp.2d at 1027 (granting a stay when all the issues before the federal court were present in other state court proceedings except the plaintiff's claim for damages, which was dependent for its resolution upon the related state court claims). Other circuits have seen a similar loosening of the parallel suit requirement. *See* **The Sherwin-Williams Company v. Holmes County**, 343 F.3d 383, 392-94 (5th Cir. 2003) (collecting cases in which federal appellate courts have upheld the district court's discretion to dismiss a declaratory action when no parallel state action has been filed); **Aetna Casualty and Surety Company v. Ind-Com Electric Company**, 139 F.3d 419, 423 (4th Cir. 1998) (*cited in* **Sherwin-Williams**, 343 F.3d at 383-94 for the proposition that "where simultaneously pending state actions and federal declaratory judgment actions are not perfectly parallel, the extent of similarity is a factor in the decision whether to exercise discretion to hear a declaratory action, but is not determinative").

While **Wilton** presents a less stringent standard than **Colorado River**, the cases generally address similar concerns regarding the degree of overlap between the parties, issues, and relief sought. Because McGrath's state court complaint does not name the defendants Godshalk, Randall Neely, LLC, and Everest, and further does not seek any declaratory relief, there is little basis justifying abstention. Questions regarding the scope of the insurance policy with respect to Godshalk and Randall Neely, LLC

20

simply are not raised in the state proceeding. In addition, based upon the uncertainty regarding the status of the state case described above, it is not clear that the state court action will present any opportunity to resolve these issues. Even under a loose parallel suit requirement, the issues raised by the federal declaratory action, specifically the relationship between God-shalk and the two limited liability companies and the scope of the Everest insurance policy, are absent from, or at least no more than tangential, to the state court action. Accordingly, the defendants' motion to dismiss or abstain from the declaratory claims also is **DENIED**.

### Motions to Strike

The defendant, Everest, next seeks to strike various por-tions of McGrath's complaint. Federal Rule of Civil Procedure 12(f) provides that "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, imperti-nent, or scandalous matter." *See also **Talbot v. Robert Matthews Distributing Company***, 961 F.2d 654, 664-65 (7th Cir. 1992). Motions to strike are disfavored and frequently characterized as a dilatory tactic. ***Spearman Industries Inc. v. St. Paul Fire & Marine Insurance Company***, 109 F.Supp.2d 905, 907 (N.D. Ill. 2000); ***Hardin v. American Electric Power***, 188 F.R.D. 509, 511 (S.D. Ind. 1999). Accordingly, a party seeking to strike a portion of a pleading must show that the offensive portions of the pleading cause prejudice. *See **Hardin***, 188 F.R.D. at 511 ("However, mere redundancy or immateriality is not enough to

trigger the drastic measure of striking the pleadings or parts thereof; in addition the pleading must be prejudicial to the defendant."). Prejudice may be demonstrated when the "matter complained of has the effect of confusing the issues of where it is so lengthy and complex that it places an undue burden on the responding party." *Anderson v. Board of Education of the City of Chicago*, 169 F.Supp.2d 864, 868 (N.D. Ill. 2001); *Hardin*, 188 F.R.D. at 511. However, "if the court is in doubt whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits." *Indiana Gas Company, Inc. v. Aetna Casualty & Surety Company*, 1995 WL 866417 (N.D. Ind. July 12, 1995)(*quoting* 5A Wright and Miller, *Federal Practice and Procedure*, 2d §1382).

Everest objects to a series of paragraphs in McGrath's complaint as "immaterial" and "false." To the extent Everest challenges  McGrath's factual assertions, the court does not resolve factual disputes on a motion to strike and instead resolves factual disputes in favor of the non-moving party. In addition, in support of several of its challenges, Everest offers nothing more than a general statement that a paragraph is "impertinent and scandalous." In some instances, these references are made to paragraphs dealing with nothing more than the procedural background of the state cause of action. As already made clear in this order, the existence of the state cause of action and its current status are relevant. Accordingly, with respect to Ever-

est's motion to strike paragraphs 28, 30, 38, 39, 40, 41, 42, and 44, the motion is **DENIED**.

A number of other challenged paragraphs are based on inferences regarding the defendant's alleged tactics in state court and appear to have little direct connection to any cause of action. In these assertions, McGrath accuses Everest and the law firm that appeared in the state cause of action of purposefully concealing the existence of the Randall Neely, LLC, at times referring to the defendants' "strategy of delay and refusal to defend." McGrath generally argues that the background regarding the state cause of action is relevant and further argues that these details are relevant to the assertion of a statute of limitations affirmative defense. McGrath specifically relies on the portion of Federal Rule of Civil Procedure 15(c)(3) that provides for the relation back of an amended complaint naming a new party when he "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Everest counters with arguments based on Indiana's fraudulent concealment tolling statute and that this provision regards the concealment of an individual's identity and not a claim. Everest, however, does not address the fact that McGrath has alleged that it was the identity of Randall Neely, LLC that was hidden. In addition, Everest fails to recognize that regardless of the application of Indiana's statute of limitations, Federal Rule 15 remains applicable. *See* ***DiPento v. Kren***, 1988 WL 20043 at *2 n.1, (N.D. Ill. March 1,

1988); *Household Commercial Financial Services, Inc. v. Trump*, 863 F.Supp. 735, 741 (N.D. Ill. 1994)("The Federal Rules of Civil Procedure, in particular Rule 15(c), govern whether the amendment of a complaint relates back to the original complaint, even if jurisdiction is based on diversity of citizenship.").

Consequently, whether McGrath was mislead about the existence of Randall Neely, LLC is relevant in response to the defendant's assertion of a statute of limitations defense. The court concludes that there is at least some possibility that these circumstances raise potential issues of law or fact necessarily resolved on their merits that are not foreclosed by Indiana's concealment statute. Finally, while McGrath is under no obligation to plead in anticipation of an affirmative defense, as long as such pleading is not the basis for jurisdiction, matters related only to an affirmative defense are tolerated within the complaint. *See Arvin Industries, Inc. v. Berns Air King Corp*. 510 F.2d 1070, 1073 n.1 (7th Cir. 1975). Accordingly, Everest's motion to strike paragraphs 26, 34, 35, 36, and 48 is **DENIED.**

Everest further sought to strike paragraph 27 on the grounds that, because it references the fact that McGrath made settlement demands, it is inadmissible under Federal Rule of Evidence 408. The rule regards the admissibility of settlement offers only when offered in evidence to prove liability or the amount of a claim. The parties do not address the purpose of this evidence. However, it is clear that the allegation is part of the circumstances McGrath alleges in support of the concealment of Randall Neely,

24

LLC. This allegation, for instance, may support an assertion that Everest was aware of the claim, a use not prohibited by the rule. *See* Rule 408(b). Everest's motion to strike paragraph 27 is **DENIED**.

The court **GRANTS** Everest's motion to strike paragraphs 31 and 33. In the former, McGrath alleges misconduct on the part of the law firm in the state court proceeding that bears no relation to cause of action or defenses and, in the latter, alleges that the defendant's failure to appear in the state court proceeding was done "in the hope that plaintiff would die." This statement adds nothing to the substantive allegations in the complaint and crosses into unsupported, argumentative statements.

McGrath also challenges the defendants' pleadings, seeking an order deeming a variety of allegations admitted and striking certain affirmative defenses. Federal Rule of Civil Procedure 8 provides a set of standards for pleading. Together, Rules 8(b) and 8(d) provide that a party answering a complaint may admit, deny, or indicate that the party is with sufficient information to admit or deny the complaint's allegations. The failure to deny is construed as an admission. However, the court reads the pleadings in light of Federal Rule of Civil Procedure 1, which provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." ***Pepper v. Village of Oak Park***, 430 F.3d 805, 812 (7th Cir. 2005) (*quoting **Conley***, 355 U.S. at 48, 78 S.Ct. at 103) ("The Federal Rules reject the approach that pleading is a game

25

of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

The pleadings in this matter are by no means a model of Federal Rule 8(e)'s goal of concise and direct pleadings. However, over the course of the briefing on this motion, the parties appear to have reached some agreement regarding the appropriate standards to which an answer must be pled. For instance, the single statement in an answer that a document "speaks for itself," is not an answer provided for under Rule 8(b). ***State Farm Mutual Automobile Insurance Company v. Riley***, 199 F.R.D. 276, 279 (N.D. Ill. 2001). However, the use of that phrase, while potentially imprecise, may be made clear in the context of the response. *See e.g.* 5 Wright and Miller, *Federal Practice and Procedure* 3d §1264.

Everest answered a series of allegations with just the statement, "The policy speaks for itself." This statement leaves considerable doubt as to whether the allegation has been admitted or denied. In contrast, defendants Godshalk and Randall Neely, LLC used this phrase in the midst of a more thorough response, clearly indicating their denial of the allegation and adding that the policy will be interpreted by the court as a matter of law. In addition, Everest's suggestion that its use of a general denial cures this deficiency is not accurate. A general denial is limited to instances when a pleader "intends in good faith to controvert all of the averments" of the complaint. Rule 8(b). *See*

26

***Farrell v. Pike***  342 F.Supp.2d 433, 441 n.2 (M.D.N.C. 2004)
(*citing* 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* 3d §1265, at 546 (3rd Ed. 2004)) ("It is true, of course, that a defendant wishing to controvert every allegation in the complaint may do so by a general denial. However, situations in which the complaint may be completely controverted will be extremely rare.").

Similarly, an "affirmative defense" that asserts that a plaintiff cannot prove an element of his cause of action, such as proximate cause, is not an affirmative defense. The denial of the elements of a plaintiff's case is made in responding to that portion of the complaint itself. *See **Resolution Trust Corp. v. KPMG Peat Marwick***, 845 F.Supp. 621, 625 (N.D. Ill. 1994) ("The defendants are free to assert at trial that their actions were not the proximate cause of Horizon's losses. But an assertion of this type is not an affirmative defense; it is an assertion that RTC cannot prove a necessary element of its claim.")

Similarly, Everest's bare statement as an affirmative defense that McGrath's complaint fails to state a claim on which relief may be granted also is insufficient. *See **Reis Robotics USA, Inc. v. Concept Industries, Inc.***, 462 F.Supp.2d 897, 905 (N.D. Ill.2006) ("Nonetheless, Concept has failed to adequately plead the defense in accordance with Rule 8. Concept's first affirmative defense is nothing more than a recitation of the standard for a motion to dismiss under Rule 12(b)(6). As alleged,

27

the defense provides no explanation as to how and in what portion
of the complaint Reis has failed to state a claim.").

McGrath also contests the defendant's general statement of a
right to assert additional affirmative defenses and the defen-
dant's assertion of a general nonparty defense. McGrath correctly
notes that Indiana law requires specificity when alleging the
fault of a nonparty as a defense. *See Cornell Harbison Excavat-
ing, Inc. v. May,* 546 N.E.2d 1186, 1187 (Ind. 1989). In addition,
the later assertion of an affirmative defense is the equivalent
to an amended pleading and, consequently, governed by Rule 15.
Finally, McGrath also takes issue with the defendant's technique
of answering allegations with the statement that the allegation
will be made subject to a motion to strike. The defendant raised
this in response to numerous paragraphs in addition to those that
were made subject to Everest's subsequent motion to strike, ad-
dressed in this order. To the extent that the court has denied
the motion to strike or Everest has not brought a motion to
strike, Everest shall provide an answer to those allegations
consistent with Rule 8.

Finally, the court recognizes that the progress of this case
has awaited a decision to these motions and no Rule 16 prelimi-
nary pretrial conference has been held. At this early stage of
the proceedings, the court frequently addresses an initial
deadline in which the parties are provided a period of time in
which to file amended pleadings. The parties are **DIRECTED** to
include this consideration in their Rule 26 planning conference

28

and, at a minimum, include a period of time in which amended answers may be filed. The amended answers filed according to this new deadline shall address the deficiencies noted in this order. Accordingly, to the extent the plaintiff's motion sought an order deeming portions of the answers admitted or stricken, it is **DENIED**.

————————————

For the foregoing reasons, the Motion to Dismiss the Complaint or in the Alternative to Stay Action filed by the defendants Randy A Godshalk and Randall Neely, LLC on June 12, 2007 (DE 34) is **DENIED**; (2) the Motion to Strike the Defendants' Reply Brief filed by the plaintiff on August 1, 2007 (DE 45) is **DENIED AS MOOT**; (3) the Motion to Strike filed by the defendant on June 21, 2007 (DE 36) is **GRANTED IN PART** and **DENIED IN PART**; (4) the Motion to Dismiss Claims Based on the Indiana Declaratory Judgment Act filed by the defendants on July 11, 2007 (DE 39) is **GRANTED IN PART** and **DENIED IN PART**; and (5) the Motion for an Order Deeming Certain Paragraphs of Plaintiff's Amended Complaint Admitted by Defendants and Striking Certain Affirmative Defenses filed by the plaintiff on August 1, 2007 (DE 47) is **DENIED**.  The Rule 16 conference currently scheduled for November 30, 2007, at 11:00 A.M. (CST) is REAFFIRMED.

ENTERED this 18th day of September, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge