```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ROSELAND McGRATH,              )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:07 cv 34
                               )
EVEREST NATIONAL INSURANCE     )
COMPANY,                       )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Amended Motion to Quash Subpoena filed by a third party, Brenner, Ford, Monroe & Scott, LTD., on March 7, 2008 (DE 97) and the Motion to Compel Production Responsive to March 4, 2008 Subpoena filed by the plaintiff, Roseland McGrath, on March 25, 2008 (DE 107). For the reasons set forth below, the Amended Motion to Quash (DE 97) is **GRANTED,** and the Motion to Compel (DE 107) is **DENIED WITHOUT PREJUDICE.** The clerk is **DIRECTED TO TERMINATE** the original motion to quash. (DE 96).

Background

In September 2006, the plaintiff, Roseland McGrath, filed a complaint in the Lake County Superior Court after suffering injuries from a fall at Eli's Pub in Hammond, Indiana. The business was insured by Everest National Insurance Company, who retained the firm of Brenner, Ford, Monroe and Scott to provide a defense. No appearance was made by the firm in the state court matter until after the entry of a default judgment. The firm's

appearance also was problematic due to the fact that it was made by attorneys who, at least initially, were not licensed to practice in Indiana.

In this action, McGrath originally sued the sole proprietor of the limited liability company that owned Eli's Pub, Randy Godshalk, the LLC itself, and Everest, seeking damages and declaratory relief regarding the policy's terms and the relationship between the LLC and Godshalk. The defendants other than Everest, represented by separate counsel, settled their claims with McGrath, which included the assignment to McGrath of any cause of action it had accrued against Everest. McGrath, in turn, sought to amend her complaint, adding these claims against Everest, which the court has granted in a separate order.

In the subpoena served on the Brenner firm, who temporarily represented Eli's Pub on behalf of Everest in the state court proceeding, McGrath sought a series of documents related to this representation. Specifically, in 21 individually numbered requests, McGrath sought information on, among other topics, Everest's retention of the Brenner firm; the jurisdictions in which the firm's attorneys were admitted, including the representation of this information on applications for professional liability insurance; the firm's procedures to ensure compliance with ethical obligations; the decision to assign certain attorneys to the state court action; all communications regarding the "adjustment, management, assignment or defense" of this matter between Everest, the parties, Everest's claims administrator, and

2

the firm; the decision to retain separate Indiana counsel; and the relationship between certain members of the Brenner firm and the subsequently hired Indiana firm.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies."  Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." ***Hodgdon v. Northwestern University***, 245 F.R.D. 337, 341 (N.D. Ill. 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See* ***Stock v. Integrated Health Plan, Inc.***, 241 F.R.D. 618, 621-22 (S.D. Ill. 2007); ***Syposs v. United States***, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) *(quoting* ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or de-

fenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

In their briefs, the parties level a series of arguments at each other. They dispute whether Federal Rule of Civil Procedure 37 and Local Rule 37.1 require the parties to confer prior to seeking court intervention. They also dispute whether Everest has standing to file a response to McGrath's motion to compel the Brenner firm to respond to the subpoena. Further, the parties' briefs are riddled with further problems. Everest, whether or not it had standing to file a brief, largely uses the brief to argue that the assignment of causes of action to McGrath constitutes a breach of the insurance contract and to argue that the state court improperly entered a default judgment. In fact, Everest goes so far as to state that it "incorporates herein by reference" another parties' motion, filed in the state court action, regarding the merits of the defendants' attempt to gain relief from the state court judgment. "Objections to this startling thesis crowd the mind." *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 531 (N.D. Ill. 2005)(*quoting* Richard Posner, Overcoming Law, 211 (1995)). The dispute over the breach of this agreement will not be resolved in response to a motion to quash. In addition, for the most basic reasons, this court will not undertake a review of the state court's decision to enter judgment. *See Sides v. City of Champaign*, 496 F.3d 820, 824 (7th

Cir. 2007)(*citing* **Lance v. Dennis**, 546 U.S. 459, 465, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006); **Exxon Mobil Corp. v. Saudi Basic Indus. Corp**., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005))("We are not authorized to afford relief 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'") Finally, in light of the current complaint and answer, there is no claim or defense in this matter asserting that McGrath breached the cooperation clause of the agreement. Perhaps this will change in light of McGrath's amended complaint, but the court will not speculate about the subject.

The parties also dispute whether the Brenner firm properly has asserted the attorney-client privilege or its objections that the subpoena seeks unduly burdensome, irrelevant information. Largely, the firm has not. The rule states that an individual claiming privilege must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Rule 45(d)(2)(A). *See* **Corvello v. New England Gas Company, Inc**., 243 F.R.D. 28, 33 D. R.I., 2007)("Although the federal rules do not specifically address the subject the universally accepted means of claiming the requested documents are privileged is the production of a privilege log.")

However, the subpoena contains, in some cases, staggeringly

5

broad requests. For instance, the firm is asked to provide information "in any way pertaining to policies, procedures, and other materials related to the ongoing professional relationship between The Brenner Firm and Everest National . . . in any other matter in which the Brenner Firm has represented an insured of Everest National." This apparently reaches every page of every file between Everest and Brenner without regard to any connection to this case.

More problematic, and similar to Everest's insistence on resolving disputes that are not yet implicated in the pleadings, McGrath faults the firm's substantive assertion of the attorney-client privilege, arguing both that it is not applicable on these facts (see *Catino v. Travelers Insurance Company*, 136 F.R.D. 534, 537 (D. Mass. 1991) and that the privilege has been waived. However, McGrath never indicates the source of relevance for the requests made in the subpoena. Based on the complaint that was current at the time the subpoena was served, it is difficult to imagine the relevance of the information to a declaratory judgment claim seeking to resolve the meaning of the term "occurrence" in the policy. The potential relevance of some of these requests is less difficult to fathom in light of the amended complaint's assertion of bad faith and negligence. However, the subpoena was served before McGrath had leave to file a complaint asserting these claims. The court, again, will not speculate or offer advisory statements in the event that McGrath seeks discovery based on the amended complaint.  Accordingly, the Amended

6

Motion to Quash the Subpoena is **GRANTED.** The Plaintiff's Motion to Compel Production is **DENIED WITHOUT PREJUDICE.**

_____

For the foregoing reasons, the Amended Motion to Quash Subpoena filed by a third party, Brenner, Ford, Monroe & Scott, LTD., on March 7, 2008 (DE 97) is **GRANTED.** The Motion to Compel Production Responsive to March 4, 2008 Subpoena filed by the plaintiff, Roseland McGrath, on March 25, 2008 (DE 107) is **DENIED WITHOUT PREJUDICE.** The clerk is **DIRECTED TO TERMINATE** the original motion to quash. (DE 96).

ENTERED this 23rd day of June, 2008

                                              s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge