```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

ROSELAND MCGRATH,              )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:07 cv 34
                               )
EVEREST NATIONAL INSURANCE     )
COMPANY,                       )
                               )
          Defendant            )

## OPINION AND ORDER

This matter is before the court on the Declaration in Support of Attorney Fees filed on June 26, 2008, in response to this court's Order of June 19, 2008, awarding sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(C). The court awards sanctions in the amount of $2,400.

### Background

In this court's order of June 19, 2008, the plaintiff's motion to compel was granted in part and denied in part. The court awarded fees pursuant to Federal Rule of Civil Procedure 37 and directed the plaintiff to file an affidavit of her costs. The plaintiff's attorney, Jason Paupore, filed an affidavit claiming costs of $3,520.00, and the defendant has filed an objection.

The defendant emphasizes that some of the plaintiff's requests were found to be overbroad, and others were rendered moot by virtue of the court's conclusion that the insurance policy in question was not ambiguous. The defendant calculates that from among eight interrogatories and 19 document requests,

only two discovery requests were granted and seeks a proportionate reduction in the sanction.

## Discussion

Federal Rule of Civil Procedure 37(a)(5)(C) provides that "if the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." [1]

In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees. *See e.g.* ***Caruso v. Coleman Company***, 157 F.R.D. 344, 350 (E.D. Pa. 1994)("In this case, the Court's decision was mixed and neither party was an overall 'winner' or 'loser'".). However, the degree of success in the motion to compel is not the sole determinant when proportioning fees. The court also will look to the degree to which the objecting party was justified in refusing greater cooperation. *See e.g.* ***Lang v. Intrado, Inc.***, No. 7 CV 589, 2007 WL 3407366 (D. Colo. Nov. 13, 2007)("In seeking a just apportionment, the Court is guided by the 'substantial justification' standard set forth in Rule 37."). "District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of attorney's fees requested." ***Muzikowski v. Paramount Pictures Corporation***, 477 F.3d 899, 909 (7th Cir. 2007) (*quoting* ***Johnson v. Kakvand***, 192 F.3d 656, 661 (7th Cir. 1999).

---

[1] Prior to the 2007 amendments to the Federal Rules, this basic provision was contained at Rule 37(a)(4)(C).

2

In the order, this court noted that the defendant's discovery responses were hindered by a series of mistakes by the defendant's counsel and staff. (Order, pp. 20-21) The defendant sought significant extensions of time to make objections to discovery requests after mistakenly believing it already had sought these extensions. Further, when made, these objections offered nothing more than routine, generalized, boilerplate objections which, at times, were flatly contrary to the actual circumstances. (Order, pp. 23-24) In addition, portions of the plaintiff's motion to compel were denied simply because the requests had become moot with the court's conclusion that the insurance policy in question was not ambiguous.

However, the court also held that some of the plaintiff's requests had strained the reach of discovery, though the narrowing of those requests should have been within the means of the parties without court intervention. Instead, this court noted the defendant's "almost complete failure to offer specific objections." (Order, p. 26) In light of all the circumstances, the court agrees that a portion of the motion to compel was not justified. The court will award fees based upon 15 hours of time, rather than the 22 hours sought by the plaintiff. The defendant offered no objection to the rate of $160 per hour, and the court finds that it is reasonable. Accordingly, the defendant is ordered to pay sanctions in the amount of $2,400.00.

ENTERED this 11th day of September, 2008

                              s/ Andrew P. Rodovich
                                 United States Magistrate Judge