UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROSELAND McGRATH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:07 cv 34 |
| | ) |
| EVEREST NATIONAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Protective Order [DE 130] filed by the defendant, Everest National Insurance Company, on July 28, 2008, and the Motion to Compel Production Responsive to June 24, 2008 Subpoena and Award of Attorney Fees [DE 152] filed by the plaintiff, Roseland McGrath, on September 24, 2008. For the following reasons, the Motion for Protective Order [DE 130] is **DENIED,** and the Motion to Compel Production Responsive to June 24, 2008 Subpoena and Award of Attorney Fees [DE 152] is **GRANTED.**

Background

The facts of this case have been thoroughly discussed in this court's Opinion and Order [DE 118] dated June 19, 2008, and Opinion and Order [DE 121] dated June 23, 2008. On June 23, 2008, McGrath filed her Amended Complaint, which asserts claims against Everest pursuant to an assignment from the former defendants in this case. These include claims for breach of contract, bad faith and breach of fiduciary duty, negligence, and fraud,

all of which arose from Everest's failure to defend its insureds in the underlying state court claims involving McGrath's personal injuries.

On June 24, 2008, McGrath issued a subpoena to Brenner, Ford, Monroe, & Scott, Ltd. ("Brenner Ford"), the law firm which handled the insured's defense in the state court claims and which resulted in a default judgment against the defendants who have assigned their claims to McGrath. The subpoena seeks a series of documents in 25 individually numbered requests inquiring into the retention of Brenner Ford, the jurisdictions in which the firm's attorneys are admitted to practice, the applications for professional liability insurance, communications with licensing or disciplinary authorities during the relevant time period, the firm's procedures for compliance with professional ethics obligations, suspensions or other disciplinary actions, payment of bar dues, employment information concerning K. Amy Lemon and Stephen A Kolodziej, the decision to retain separate Indiana counsel, and the relationship between certain members of Brenner Ford and the subsequently hired Indiana firm. Brenner Ford objected to the subpoena in a letter dated June 30, 2008.

### Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies." Further, "the party seeking to

quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). Implicit in the rule is the requirement that a subpoena seek relevant information. *See Stock v. Integrated Health Polan, Inc.*, 241 F.R.D. 618, 621-22 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 93 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

Unlike the prior subpoena served upon Brenner Ford which this court quashed, the added claims of McGrath as assignee make this discovery relevant. Accordingly, Everest does not seriously argue relevancy in its motion. Instead, Everest asserts that the subpoena served on Brenner Ford should be quashed because it

seeks documents that are protected under the attorney-client privilege and work product doctrine.[1]  Everest relies on a case from the California Court of Appeals from 1974, ***American Mutual Liberty Insurance Co. v. The Superior Court of Sacramento County***, 38 Cal.App.3d 579, 113 Cal. Rptr. 561 (1974), to support its claim of the underlying lawyer-client relationship.  However, McGrath correctly points out that not only is this California case no longer good law but a plethora of cases have held that no attorney-client privilege can be asserted against an insured or an assignee of an insured in its action against an insurance company with respect to materials prepared as part of the insured's defense in the underlying action.  *See **Glacier General Assurance Co. v. Superior Court***, 95 Cal.App.3d 836, 157 Cal. Rptr. 435 (Cal. App. 1979) ("To permit the insurer to use the attorney-client privilege to shield from its insured, communications which relate to the insurer's decision concerning settlement would be to place the insured in a secondary rather than a

---

[1] Prior to the filing of the Amended Complaint, similar subpoenas served on Brenner Ford were quashed based on a lack of relevancy.  In the Opinion, however, this court stated that "McGrath faults the firm's substantive assertion of the attorney-client privilege, arguing both that it is not applicable on these facts and that the privilege has been waived." (Opinion and Order [DE 121], p. 6) (*citing **Catino v. Travelers Ins. Co.***, 136 F.R.D. 534, 537 (D. Mass. 1991).  In the briefing for those similar motions, Everest asserted the attorney-client privilege and work product doctrine relying on the same case law as propounded here.  McGrath thoroughly and completely demonstrated the accurate legal application of the privilege in her response brief.  Everest chose to disregard the court's hint that more current case law on the application of the privilege was available and to stick to its argument to quash on privilege grounds.

4

primary position in his relationship with the attorney, seriously eroding the insured's ability to establish that the insurer had failed in its duty to him."). *See also* ***Simpson v. Motorists Mutual Insurance Co.***, 494 F.2d 850 (7th Cir.), *cert. denied,* 419 U.S. 901, 95 S.Ct. 184, 42 L.Ed.2d 147 (1974)(finding that the attorney-client privilege did not attach to communication between the insurance company and its attorney as against the assignee of the insured's claims against the insurance company); ***Lorenz v. Valley Forge Insurance Co.***, 1984 WL 2234 (N.D. Ind. 1984) *rev'd on other grounds*, 815 F.2d 1095 (7th Cir. 1987) (asserting the proposition that attorney-client privilege cannot be asserted with respect to materials by insurance-defense counsel appointed to the defense of an insured in action by insured against insurer); ***Hillerich & Brasby Co. v. MacKay***, 26 F.Supp.2d 124, 127 (D.D.C. 1998)("[O]nce parties have entered into litigation with one another, neither may assert an earlier common privilege to preclude testimony against the other on an issue that they shared before the litigation[,]" and thus the attorney-client privilege is inapplicable where the attorney was engaged in the representation of clients' mutual interests in patent action); ***Athridge v. Aetna Casualty and Surety Co.***, 184 F.R.D. 200, 204 (D.D.C. 1998) (discussing the principle that "when a lawyer represented two persons and they later had a falling out and one sued the other, neither could claim the attorney-client privilege . . . . That principle had also been applied when an insurance company hired an attorney to represent its insureds. When the insured then

sued the insurance company, the courts had rebuffed any attempts by the insurance company to claim the attorney-client privilege to prevent its insured access to the documents that attorney had created when she represented the insured and the insurance company's common interest in defeating the case brought against the insured. . . . [T]he courts had applied this principle *when the insured assigned whatever claim she had against the insurance company to the person who sued the insured in the first place*.") (emphasis added); ***Catino v. Travelers Insurance Company, Inc.***, 136 F.R.D. 534, 539-40 (D. Mass. 1991)(finding that attorney hired by insurance company to represent insured had no standing to object to disclosure of documents requested by insured's assignee, despite documents being created in anticipation of litigation, because insured had waived protections via assignment of claims). ***Dome Petroleum Ltd. v. Employers Mutual Liability Insurance Company of Wisconsin***, 131 F.R.D. 63, 68-69 (D.N.J. 1990)(relying on Seventh Circuit's holding in ***Simpson*** and finding that there is no attorney-client privilege by insurer against subrogee of insured); ***Central National Insurance Company of Omaha v. Medical Protective Company of Fort Wayne, Indiana***, 107 F.R.D. 393, 394-95 (D.C. Mo. 1985)(finding attorney-client privilege did not prevent disclosure in subsequent dispute between excess and primary insurer in action against primary insurer for bad-faith refusal to settle and holding that information and documents were not protected by attorney-client or work-product privileges)("A general exception to the privilege exists, however, when a lawyer

6

represents two clients in a matter of common interest.  The privilege cannot be claimed by one client with respect to communications between him and the attorney in a subsequent action between the two clients.").

This court's Opinion and Order [DE 118] of June 19, 2008, warned Everest that the Amended Complaint would result in an altered analysis of the attorney-client privilege and the relevance of discovery thereunder.  Everest ignored the court's warning and proceeded to put forth a flawed legal argument that had no chance of prevailing.  The law is clear:  the privilege does not apply, and the Motion for Protective Order is **DENIED.**

McGrath followed up her Response to Everest's Motion for Protective Order with the Motion to Compel Production Responsive to June 24, 2008 Subpoena and Award of Attorney Fees [DE 152].  A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses.  Federal Rule of Civil Procedure 37(a)(2)-(3).  The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Kodish v. Oakbrook Terrace Fire Protection District***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006).  The objecting party must show with specificity that the request is improper. ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002).  That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor

7

reasonably calculated to lead to the discovery of admissible evidence." ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted).

There was no response to the Motion to Compel. The burden is on Everest to show why production is improper, and by not responding it has clearly failed to do so. The plaintiff's Motion to Compel is **GRANTED,** and Brenner Ford is **ORDERED** to produce full and complete document production responsive to the June 24, 2008 Subpoena Duces Tecum within **TWENTY (20) DAYS** of entry of this order.

"The great operative principle of Rule 37(a)(4) is that the loser pays." Charles Alan Wright & Arthur R. Miller, *8 Federal Practice and Procedure* §2288 at 787 (1970). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." ***Rickels v. City of South Bend, Ind.***, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that his position was substantially justified. ***Rickels***, 33 F.3d at 787. Here, not only was the losing request to quash the subpoena clearly unjustified, but in addition, the prior court order referring to current case law on attorney-client privilege in this type of case demonstrated the frivolousness of the privilege claim. Because of this assertion in the Motion for Protective Order which has no substantial

basis in the current state of the law, Everest is **ORDERED** to pay for the attorney's fees expended as a result of the Motion for Protective Order.

The failure to disclose, which includes providing evasive or incomplete answers, is sanctionable and properly remedied by an order compelling discovery. Federal Rules of Civil Procedure 37(a)(2)(B), (a)(3), (a)(4); *Lucas v. GC Services, L.P.*, 226 F.R.D. 328, 329-30 (N.D. Ind. 2004). Rule 37(a)(4)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *Stookey v. Teller Training Distributors, Inc.*, 9 F.3d 631, 637 (7th Cir. 1993)("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(4) are appropriate unless the party's nondisclosure was "substantially justified."  Rule 37(a)(4)(A). In addition, Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." See *Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). See also *Engel v. Town of Roseland*, 2007 WL 2903196, *6 (N.D. Ind. Oct. 10, 2007). Thus, Rule 37(a) is a fee-shifting rule, and the loser must pay unless it demonstrates that its position was "substantially justified."  Because Everest gave no substantial justification for nondisclosure in the face of McGrath's Motion

to Compel, McGrath is entitled to recover her expenses in filing the motion.

_____

For the foregoing reasons, the Motion for Protective Order [DE 130] filed by the defendant, Everest National Insurance Company, on July 28, 2008, is **DENIED**, and the Motion to Compel Production Responsive to June 24, 2008 Subpoena and Award of Attorney Fees [DE 152] filed by the plaintiff, Roseland McGrath, on September 24, 2008, is **GRANTED**. Counsel for McGrath shall submit an affidavit in support of the attorney fee request within ten days.

ENTERED this 13th day of May, 2009

s/ ANDREW P. RODOVICH
United States Magistrate Judge