```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
        HAMMOND DIVISION


ROSELAND McGRATH,              )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:07 cv 34
                               )
EVEREST NATIONAL INSURANCE     )
COMPANY,                       )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss and/or Strike Defendant's "Counterclaims" for Declaratory Relief [DE 134] filed by the plaintiff, Roseland McGrath, on September 5, 2008, and the Motion to Dismiss and/or Strike Defendant's "Counterclaims" for Declaratory Relief as to Aidan Alan, LLC, Randall Neely, LLC, and Randall A. Godshalk [DE 139] filed by the so named "counter-defendants" on September 10, 2008. For the following reasons, both motions are **GRANTED.**

Background

The factual background of this case has been thoroughly reported in this court's Opinion and Order [DE 118] dated June 19, 2008, and Opinion and Order [DE 121] dated June 23, 2008. On June 23, 2008, McGrath filed her Amended Complaint which asserts claims for declaratory judgment that the state court judgment is conclusive on the issue of liability, breach of contract, bad faith and breach of fiduciary duty, negligence, and fraud, all of which arose from Everest's failure to defend its insureds in the

underlying state court claims for McGrath's personal injuries. The insureds, Aidan Alan, LLC, Randall Neely, LLC, and Randall A. Godshalk, have assigned any and all claims against Everest to McGrath in an effort to resolve the state court personal injury claims which resulted in the entry of a default and ultimately a default judgment.

Everest's answer to the Amended Complaint includes denials of all of McGrath's claims and 14 affirmative defenses, as well as a Counter-Claim for Declaratory Judgment against McGrath and the insureds for breach of contract based on the assignment of the claim.

<u>Discussion</u>

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, although may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).

"Redundancy alone is enough to support a Motion to Strike." ***Lincoln National Corp. v. Steadfast Insurance Co.***, 2006 WL 1660591, *2 (N.D. Ind. June 9, 2006). Repetition, specifically a counterclaim that merely restates an affirmative defense or seeks

2

the opposite effect of the complaint, should be stricken. *Id.* (*citing* **Rayman v. Peoples Sav. Corp.**, 735 F.Supp. 842, 852 (N.D. Ill. 1990)). The Seventh Circuit explains:

> The label "counterclaim" has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label. Indeed, one judge of this court held, while a district judge, that when one party to a contract seeks a declaration of the contract's meaning, another party's counterclaim seeking to enforce the contract is "repetitious and unnecessary." When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else. The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio. (internal cites omitted).
>
> **Tenneco, Inc. v. Saxony Bar & Tube, Inc.**, 776 F.2d 1375, 1379 (7th Cir. 1985)

Specifically, a counterclaim which merely raises identical issues as the complaint or restates an issue already before the court should be stricken. *See, e.g.,* **Dixie Gas & Food, Inc. v. Shell Oil Co.**, 2005 WL 1273273, *7 (N.D. Ill. May 25, 2005)(holding that because determination on the merits was already underway, additional declaratory judgment action is redundant); **United States v. Zanfei**, 353 F.Supp.2d 962, 965 (N.D. Ill. Jan. 20, 2005)(holding that counterclaim for declaratory judgment repetitious and unnecessary as it merely restates an issue already before the court).

Here, the facts and applicable law are identical to those of **Lincoln National**: the plaintiff, Lincoln, claimed that the de-

fendant breached a contract of insurance, and in its Answer, the defendant listed several affirmative defenses, then "essentially repackaged those defenses into its counterclaim[.]" *Lincoln National*, 2006 WL 1660591 at *1. More precisely, that counterclaim sought a declaratory judgment that Lincoln had failed to comply with the policy's conditions precedent. The defendant raised within its counterclaim four legal issues for which it carried the burden of proof – making the issues more correctly affirmative defenses under Indiana law. *Lincoln National* at *2-3. *Lincoln National* also discusses the purpose of declaratory judgment: "to clarify and settle the legal relations at issue[.]" *Lincoln National* at *4 (*citing* and *quoting* *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942, 944 (N.D. Ill. 2002)). "A court, therefore, may refuse to entertain a declaratory judgment action that merely seeks to determine issues already being litigated." *Id.* See also *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)("Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated.").

Similarly, McGrath alleges breach of contract based on Everest's duty to defend under the insurance policy, and Everest denies that it breached first, proffers affirmative defenses that all rights under the policy have been waived and or breached by the insureds (Deft. Answer to Second Amended Complaint, Legal

4

Paragraphs XII-XIII, XIX), and counterclaims for a declaratory judgment as to its absolution from its duty to defend based on the insureds' alleged prior breach.  Clearly, the issue of what constitutes a breach of the insurance policy already is before the court in the Amended Complaint and Everest's Answer, making the counterclaim for declaratory judgment redundant.

Everest's brief in response to the motion to strike the counterclaim cites several cases which disregard the elimination of such redundant counterclaims.  However, not one of the cases cited in this regard is from the Seventh Circuit, and many are not from the recent half-century.[1]  The existence of persuasive authority as to redundancy of counterclaims within the last decade shall prevail:  complex litigation requires such streamlining and clarification which declaratory judgment is meant to provide.  Therefore, the Motion to Strike Everest's "Counterclaims" for declaratory relief is **GRANTED.**[2]

Without the counterclaim, there is no basis for inclusion of the insureds, Aidan Alan, LLC, Randall Neely, LLC, and Randall A. Godshalk, all of whom have fully assigned all their claims to

---

[1] Everest cites the following cases supporting the notion that "a multitude of courts have determined that such counterclaims are appropriate": *Deminion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172 (6th Cir. 1942); *Jungersen v. Miller*, 125 F.Supp. 846 (N.D. Ohio 1954); *Int'l Woodworkers v. McCloud Lumber Co.*, 119 F.Supp. 475 (N.D. Cal. 1953).  In addition, Everest submits case law on this topic from Kansas and Pennsylvania.

[2] The motion was in the alternative, a motion to dismiss and/or strike.  Because of the analysis of redundancy of such mirror claims under Rule 12(f), there is no reason to address the alternative for dismissal.

McGrath.  Assignments are transfers of "a complete and present right" in a subject matter to the assignee.  *E & L Rental Equipment, Inc. v. Gifford*, 744 N.E.2d 1007, 1010 (Ind. App. 2001).  Assignments substitute "a new party as the focus of legal relations" pertaining to the thing assigned.  *Essex v. Ryan*, 446 N.E.2d 368, 374 (Ind. App. 1983)(*quoting* 4 A. Corbin, *Corbin on Contracts* §861 at 422 (1951)).  Both tort claims and rights attached to contract, including the right to sue for breach of contract, are assignable.  *Essex*, 446 N.E.2d at 374.  Most pertinent to the inclusion of the insureds here, "after a cause of action is fully assigned, the assignor is no longer a proper party to sue and has no right of action."  *E & L Rental Equipment*, 744 N.E.2d at 1011.  Because there is no dispute over the insureds' assignment of claims to McGrath, the insureds are not a proper party to this cause of action.

Everest avers in its response to McGrath's motion to dismiss or strike that the insureds have an interest in the counterclaim for declaratory judgment (now stricken) and are necessary parties to this litigation.  Everest asserts that plaintiff's counsel has sought to dismiss these parties whom counsel does not represent.  In fact, Everest's brief docketed on September 23, 2008, states, "If the insureds believe they should be dismissed because they have no interest in the issues being litigated here, let *them* be heard on this point."  (Deft. Response p. 11)(emphasis in original).  Yet, the insureds, by separate counsel, already had filed their own motion to dismiss and/or strike on September 10, 2008,

almost two weeks prior to Everest's response. Any attempt by Everest to argue that the insureds must remain parties for their own protection is squelched by the full assignment of claims to McGrath and the filing of their motion to dismiss and/or strike which Everest failed to perceive. Because the insureds fully and intentionally assigned their claims to McGrath and are, therefore, no longer proper parties to any cause of action pertaining to the tort or contract claims, and because the counterclaim in which they were named as counterdefendants was stricken, the Motion to Dismiss and/or Strike filed by the insureds is **GRANTED**.

_____

For the aforementioned reasons, the Motion to Dismiss and/or Strike Defendant's "Counterclaims" for Declaratory Relief [DE 134] filed by the plaintiff, Roseland McGrath, on September 5, 2008, is **GRANTED,** and the Motion to Dismiss and/or Strike Defendant's "Counterclaims" for Declaratory Relief as to Aidan Alan, LLC, Randall Neely, LLC, and Randall A. Godshalk [DE 139] filed by the so named "counter-defendants" on September 10, 2009, is **GRANTED**. The Clerk is **DIRECTED TO DISMISS THESE PARTIES** from this cause of action.

ENTERED this 13th day of August, 2009

s/ ANDREW P. RODOVICH
United States Magistrate Judge