UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROSELAND MCGRATH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:07 cv 34 |
| | ) | |
| EVEREST NATIONAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss [DE 166] filed by the third-party defendants, Brenner Ford Monroe & Scott, Ltd, Stephen Kolodziej, and K. Amy Lemon, on October 27, 2008. For the following reasons, the Motion to Dismiss is **DENIED**.[1]

Background

Although the factual scenario has been thoroughly recited in prior opinions, the facts will be limited to those well-pleaded allegations contained in the Third-Party Complaint in order to conform to the required consideration of a motion to dismiss. As such, all of the third-party plaintiff's well-pleaded factual allegations are accepted as true, and all reasonable inferences are made in favor of the third-party plaintiff.

---

[1] Consistent with the parties' approach to all issues in this case, the substantive motion generated a flurry of satellite motions. Of course, these motions in turn caused the filing of responses and replies. The court declines to adopt the tactics employed by the parties and will not waste time or effort on motions which are based on spite and not a bonafide effort to address the merits of the case. This litigation strategy has delayed ruling on all of the dispositive motions and required a continuance of the trial. Therefore, DE 173 and DE 181 are **DENIED** without further discussion.

The third-party plaintiff, Everest National Insurance Company, filed its complaint on September 8, 2008, naming as third-party defendants Brenner Ford Monroe & Scott ("Brenner Ford"), Stephen Kolodziej, and K. Amy Lemon.[2] Kolodziej and Lemon were attorneys at Brenner Ford at the time of the events of the underlying claim filed in state court. Everest was the insurer for the entity known to the public as "Eli's Pub," which was the subject of a slip-and-fall claim by Roseland McGrath in the Lake County Superior Court. Although doing business as "Eli's Pub," the insurance policy was issued to Aidan Alan, LLC, when McGrath filed her action against "Eli's Pub" on September 5, 2006, and served the summons and complaint by way of certified mail on September 8, 2006. Upon later discovery of the pub's true name, McGrath amended the caption of her complaint in the state action to name Aidan Alan, LLC, d/b/a Eli's Pub as the defendant.

On the same day that the summons and complaint were served, Everest, through its claims administrator RCA Insurance Group, retained Kolodziej and Brenner Ford to defend the state court action for its insureds and directed them to enter an appearance for Eli's Pub. During this initial discussion, Everest asked whether Brenner Ford employed a licensed Indiana attorney, was assured that the firm had one, and was told that this person would appear to defend the state court claim. Hence, Lemon was

---

[2]The shortened "Brenner Ford" also at times will refer to the firm, Kolodziej, and Lemon collectively for purposes of simplification.

directed by Brenner Ford to enter her appearance in the McGrath matter. However, at that time Lemon was suspended from practice in Indiana for non-payment of annual bar dues and was unsuccessful in her attempt to enter an appearance. Brenner Ford did not inform Everest of Lemon's suspension.

Brenner Ford's failure to enter a timely appearance and to respond to the McGrath complaint led to McGrath's Motion for Entry of Default, which was granted on October 4, 2006. Everest was not informed of these occurrences until October 26, 2006. In light of the default, the state court set a hearing on damages which occurred on November 29, 2006. The week prior to this hearing, Randy Godshalk, the owner of Aidan Alan, LLC d/b/a Eli's Pub, called Kolodziej and informed him of the default order entered against the Pub. Kolodziej faxed a letter to McGrath's counsel advising him for the first time of Brenner Ford's representation of the insureds. Lemon also filed her appearance along with an emergency motion to vacate the default order and a verified petition for Kolodziej to appear *pro hac vice*. Kolodziej's *pro hac vice* motion was denied on the eve of the hearing, but Lemon's license to practice in Indiana was reinstated on the day of the hearing.

At the November 29, 2006 hearing, Lemon moved to admit Kolodziej *pro hac vice* and to vacate the entry of default, but both motions were denied. The state court proceeded to hear evidence of damages, and Lemon objected, stating that she was unprepared to proceed. Lemon did not contest the evidence of

damages presented by McGrath.  The hearing adjourned until December 11, 2006, allowing the defense the opportunity to prepare and present evidence on the insureds' behalf.  At this time, Kolodziej advised Everest that a monetary judgment in favor of McGrath was likely and recommended retention of an Indiana appellate attorney to pursue a post-judgment appeal.  On this advice, Everest retained Daniel Leininger to act as additional counsel in this matter.

At the December 11, 2006 hearing, Leininger and Lemon appeared for the insureds and Kolodziej was present in court.  The defense filed a second motion to vacate the default but neglected to present any evidence to contest damages.  One week later, Lemon withdrew as an attorney of record in the McGrath action.

On January 28, 2008, the insureds entered into a Stipulated and Agreed Entry of Final Judgment on Default in the state court action which confessed judgment against the insureds, abandoned any efforts to vacate the default on appeal, waived attorney-client and work-product privileges, stipulated to damages in excess of $12 million, and assigned to McGrath all rights under the insurance policy.  In light of the agreement, the state court entered a final judgment in excess of $12 million.

On June 23, 2008, McGrath filed her Second Amended Complaint in this federal cause of action against Everest, which asserts claims for a declaratory judgment that the state court judgment is binding, breach of contract, bad faith and breach of

fiduciary duty, negligence, and fraud, all of which arose from Everest's failure to defend its insureds in the underlying state court claims for McGrath's personal injuries. On September 8, 2008, Everest lodged its Third-Party Complaint against Brenner Ford, Kolodziej, and Lemon, asserting negligence by the attorneys retained to defend the insureds and breach of contract for failing to enter an appearance on behalf of Eli's Pub and the subsequent entry of default, as well as seeking reimbursement for all legal fees, costs and litigation expenses as well as any liability imposed on Everest in this federal cause of action. In response to this Third-Party Complaint, Brenner Ford filed the Motion to Dismiss, arguing that the claim is not based on a recognized theory of recovery in Indiana.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." A complaint may be dismissed in accordance with Rule 12(b)(6) if the plaintiff can prove no sets of facts which could support her claim. *See* ***Patel v. City of Chicago***, 383 F.3d 569, 572 (7th Cir. 2004); ***Treadway v. Gateway Chevrolet Oldsmobile, Inc.***, 362 F.3d 971, 981 (7th Cir. 2004); ***Flannery v. Recording Industry Association***, 354 F.3d 632, 637 (7th Cir. 2004). In considering a motion to dismiss, the court will look only at the pleadings and will accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See* ***Treadway***, 362

F.3d at 981; *Flannery*, 354 F.3d at 637.  The pleadings include not only the complaint but also can include the documents attached to the complaint and any supporting briefs.  See *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief.  The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009.  While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, \_\_\_ U.S. \_\_\_, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting* *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  This pleading standard applies to all civil matters. *Iqbal*, 129 S.Ct. at 1953.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*.  See *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level").

First, a court must accept as true only *factual* allegations pled in a complaint: "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 129 S.Ct. at 1949. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss: if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 129 S.Ct. at 1949-50. *See also* *Brown v. JP Morgan Chase Bank*, 2009 WL 1761101, *1 (7th Cir. June 23, 2009)(defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 129 S.Ct. at 1949-50. Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, 2009 WL 1766686, *2 (N.D. Ind. June 19, 2009)(same); *Banks v. Montgomery*, 2009 WL 1657465, *1 (N.D. Ind. June 11, 2009)(same).

Brenner Ford first asserts that Indiana substantive law does not afford Everest a right of contribution against the law firm and its lawyers, based on a rule of law that there can be no

contribution among joint tortfeasors.  Brenner Ford cites the following:

> The right to indemnity and the corresponding obligation to indemnify generally spring from contract, express or implied, and in the absence of an express or implied contract a right to indemnity generally does not exist. . . .  In the absence of express contract, however, Indiana follows the general rule that there can be no contribution or indemnity as between joint tortfeasors.  There are, however, well recognized exceptions to such general rule, wherein the right to indemnity is implied[.] . . .
>
> The simplest exception is presented in cases of derivative liability, where a principal or employer who has been held negligent under the doctrine of respondeat superior only because of some act of his agent or employee is allowed to recover indemnity from the one guilty of the actual negligent act. . . .
>
> Another exception is that one who is constructively liable to a third person by operation of some special statute or rule of law which imposes upon him a non-delegable duty, but who is otherwise without fault, is entitled to indemnity from one who directly causes the harm.
>
> ***McClish v. Niagra Mach. & Tool Works***, 266 F.Supp. 987, 989-90 (S.D. Ind. 1967)

Brenner Ford insists that none of the ***McClish*** exceptions apply to this case because it is "unaware of any 'special statute or rule' that would apply between Everest and Brenner Ford and no such rule is identified in Everest's Third-Party Complaint."  (Memo. of Law in Support of Mtn. to Dismiss, p. 5)

As an initial matter on this point, neither of the two counts asserted in Everest's Third-Party Complaint asserts a claim for contribution.  In fact, the counts are completely

independent of any of McGrath's surviving claims for declaratory judgment concerning the state court judgment as binding on Everest, breach of the insurance contract, bad faith and breach of fiduciary duty, and fraud.[3] Everest's two claims, the first for attorney negligence and the second for breach of the contract between Everest and Brenner Ford, are not claims for contribution – they are claims for indemnification. The Third-Party Complaint states clearly that "Everest is entitled to be reimbursed by the third-party defendants."

Under the contractual provisions of the insurance policy, Everest incurred a duty to defend the insureds, and that duty was non-delegable. Everest specifically retained Brenner Ford to fulfill this contractual duty. According to Everest's complaint, the second *McClish* exception applies: constructive liability to a third person by operation of a rule of law which imposes upon him a non-delegable duty, but who is otherwise without fault, is entitled to indemnity from one who directly causes the harm. *See Stumpf v. Hagerman Construction Corp.*, 863 N.E.2d 876 (Ind. App. 2007)(explaining that contractually-based duties are non-delegable duties). Thus, the basic principles of derivative liability apply, including indemnification.

Brenner Ford bases the remainder of its argument on the non-viability of the third-party claims because of Indiana's prohibi-

---

[3]This court has denied summary judgment on McGrath's negligence claim as a matter of law based upon Indiana's prohibition of assignment of legal malpractice claims.

9

tion against assignment of legal malpractice claims. As correctly stated in support of the motion to dismiss, the Indiana Supreme Court recently has reiterated its policy against such assignments:

> [L]egal malpractice claims are not assignable. Two primary policy concerns drove that conclusion: "the need to preserve the sanctity of the client-lawyer relationship, and the disreputable public role reversal that would result during the trial of assigned malpractice claims." We observed that assigning such claims would almost certainly result in the "merchandizing of such causes of action . . . which would encourage unjustified lawsuits against members of the legal profession, generate an increase in legal malpractice litigation, promote champerty and force attorneys to defend themselves against strangers." Balancing the advantages and disadvantages of such assignments, we barred assignment of legal malpractice claims, noting clients may still make these claims directly against their attorneys, but they cannot assign their choses in action.
>
> ***State Farm Mutual Auto Insurance v. Estap***, 873 N.E.2d 1021, 1025-26 (Ind. 2007)(*quoting* ***Picadilly, Inc. v. Raikos***, 582 N.E.2d 338, 345 (Ind. 1991)

Brenner Ford also cites two cases in which insurance companies have been held vicariously liable for the acts of their retained attorneys, noting that none involved claims brought by assignees. *See* ***United Farm Bureau Mut. Ins. Co. v. Groen***, 486 N.E.2d 571 (Ind. App. 1986)(finding insurer liable for alleged negligence and abuse of process by its attorney in procuring default judgment on claim arising from automobile accident); ***Schimizzi v. Illinois Farmers Ins. Co.***, 928 F.Supp. 760 (N.D. Ind. 1996)(finding that any failure of insurer's attorneys to complete investi-

10

gation was ultimately due to insured's refusal to cooperate). Brenner Ford summarizes these points by saying that McGrath has no right to sue for the legal malpractice claims which rightly belong to the insureds, and therefore, no right to hold Everest vicariously liable for Brenner Ford's malpractice. The court agrees, as stated in the Opinion and Order [DE 202] on McGrath's Motion for Partial Summary Judgment issued on September 23, 2009.

Nevertheless, Brenner Ford's assumption that this closes the matter is flawed. First, the well-pleaded facts of Everest's Third-Party Complaint state clearly that the Stipulated and Agreed Entry of Final Judgment on Default "assigned to McGrath rights under the Everest policy." (Third-Party Compl. p. 8, ¶ 43) Nowhere is it stated that the insureds assigned claims against Brenner Ford.[4] McGrath's attempt to pursue a negligence claim which essentially attempted to hold Everest vicariously liable for the legal malpractice of Brenner Ford was rejected based on the lack of privity between McGrath and Brenner Ford and Indiana's prohibition against the assignment of such claims. Everest's third-party claim of attorney negligence is separate from the insureds' assignment of claims to McGrath.

Secondly, Everest, as the insurer that retained Brenner Ford, is in privity with Brenner Ford and has the independent right to sue the attorneys and the law firm for legal malprac-

---

[4] For the record, McGrath has not asserted any such malpractice claim against Brenner Ford, otherwise the firm and its two attorneys already would be parties to this litigation.

11

tice. This is not an unusual situation. *See, e.g., **TIG Ins. Co. v. Giffin Winning Cohen & Bodewes, P.C.**,* 444 F.3d 587 (7th Cir. 2006)(insurance company brought malpractice action against law firm and one of its attorneys stemming from firm's representation of insured); ***Jones Motor Co., Inc. v. Holtkamp, Liese, Beckemeier & Childress, P.C.***, 197 F.3d 1190 (7th Cir. 1999)(trucker and its insurer brought legal malpractice action against attorneys that unsuccessfully defended trucker in lawsuit); ***American Intern. Adjustment Co. v. Galvin***, 86 F.3d 1455 (7th Cir. 1996)(insurer brought legal malpractice action against law firm and attorney who defended client in tort action).

Therefore, Brenner Ford's Motion to Dismiss based upon contribution and the prohibition against assignment of legal malpractice claims is **DENIED**.

_____

For the foregoing reasons, the Motion to Dismiss [DE 166], the Stipulated Motion for Additional Time to Respond to Motion to Dismiss [DE 173], and the Motion to Strike [DE 181] are **DENIED**.

ENTERED this 24th day of September, 2009.

s/ ANDREW P. RODOVICH
United States Magistrate Judge