# UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| ROSELAND MCGRATH, | ) | |
|     Plaintiff | ) | |
| | ) | |
| -vs- | ) | Case No: 2:07-cv-34 |
| | ) | |
| | ) | Honorable Andrew P. Rodovich |
| EVEREST NATIONAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EVEREST NATIONAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Third-Party Plaintiff | ) |
| | ) |
| -vs- | ) |
| | ) |
| BRENNER, FORD, MONROE, & | ) |
| SCOTT, LTD., STEPHEN A. | ) |
| KOLODZIEJ, and K. AMY LEMON, | ) |
| | ) |
|     Third-Party Defendants. | ) |

## MOTION BY PLAINTIFF ROSELAND TO SEVER FIRST PARTY AND THIRD-PARTY ACTIONS

COMES NOW Plaintiff, Roseland McGrath ("Plaintiff"), by counsel, WRUCK

PAUPORE, LLC, and hereby moves to sever the First Party Action pending by Plaintiff against

Defendant Everest National Insurance Company ("Everest") ("First Party Action") from the

legal malpractice claims pending in the Third-Party Action by Defendant / Third-Party Plaintiff

Everest against the Third-Party Defendants, Brenner, Ford, Monroe, & Scott, Ltd., K. Amy

Lemon, and Stephen A. Kolodziej ("Third-Party Action").  Such motion is made pursuant to Rule 14(a) and Rule 21 or, in the alternative only, pursuant to Rule 14(a) and Rule 42(b).

     In support of said motion, Plaintiff states:

1.      Plaintiff would specifically request that such actions be severed into two separate causes for all purposes, including finality of judgment and appeal, pursuant to Rule 21.

2.      Such is in the interest of justice and judicial economy, as severance:

     (a)     will preclude intentional efforts by Third-Party Defendants to delay trial in this matter through deliberately imposing improper motions and refusing to participate in discovery for over a year;

     (b)     will moot issues raised by Third-Party Defendants who have improperly attempted to disqualify the presiding judge in this matter on the basis that one attorney in the First Party Action is a former law clerk of the presiding judge, as it would remove such attorney as an attorney of record in the Third-Party Action entirely;

     (c)     will moot issues raised by Third-Party Defendant which suggest, without any support, that Plaintiff's attorneys are "material witnesses" in the Third-Party Action and further implying that, for such reasons, Plaintiff's attorneys should not act as attorneys in the First Party Action which is separate and distinct from the Third-Party Action;

     (d)     will prevent jury confusion to the extent that issues involving legal malpractice in the Third-Party Action are distinct in significant ways from the remaining matters before the Court in the First-Party Action, as the

Third-Party Defendants suggest in their purported "Motion to Reconsider" and supporting brief (DE 213-14);

(e)     will allow primary issues of Defendant Everest's liability, and the reasons therefore, to be resolved and proceed immediately to enforceable final judgment without delaying Plaintiff's ability to collect on such judgment while Everest seeks to litigate its Third-Party Action; and

(f)     is supported by those additional reasons set forth in the Brief in Support of this motion filed together herewith.

3.     In the alternative only, Plaintiff would request that the matter be severed for purposes of trial only, as that would accomplish some, but not all, of the desirable goals suggested above.

4.     In further support of said motion, Plaintiff relies on the points and authorities set forth in Plaintiff's Verified Brief in Support of Motion to Sever First-Party and Third-Party Actions.

5.     Plaintiff has, contemporaneously, filed an emergency motion seeking a shortened briefing schedule on this matter so it might be fully briefed prior to the Settlement Conference scheduled for October 27, 2009.  In this way, the Court can rule on such motion at that time, if the Court deems doing so appropriate, and can further set the final trial setting on October 27, 2009 following the Settlement Conference, as suggested in its September 24, 2009 Order.  (DE 204).

WHEREFORE, Plaintiff, Roseland McGrath, would respectfully request that the Court sever Plaintiff's action against Defendant Everest from the Third-Party Action and any other action which might become a part of this matter, including any intervention of the insureds to

3

assert *respondeat superior* claims against Everest, as permitted pursuant to Rule 14(a)(4) and

Rule 21.  In the alternative only, Plaintiff would request that separate trials be ordered pursuant

to Rule 14(a)(4) and Rule 42(b).

Respectfully submitted,

**WRUCK PAUPORE LLC**

By:      */s/ Jason J. Paupore*

Jason J. Paupore

Galleria Building II, Suite 250
275 U.S. Highway 30
Dyer, Indiana 46311
Tel: (219) 322-1166
Fax: (866) 891-1166
E-mail: jpaupore@wp-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.